# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

REGINALD A. FALICE,         )
                                       )
           Plaintiff,        )
                                       )
           v.           )     Civil Action No. 18-2946 (CKK)
                                       )
JOHN O'BRIEN, *et al.*,        )
                                       )
           Defendants.     )

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 18).  For the reasons discussed below, the Court GRANTS the motion.[1]

## I. BACKGROUND

### A. Parties in this Civil Action

#### 1. Reginald A. Falice

Reginald Anthony Falice ("Falice") is serving a prison sentence in the custody of the Federal Bureau of Prisons ("BOP").  He currently is designated to the United States Penitentiary in Marion, Illinois.

The complaint is presented in two parts: a two-page preprinted Superior Court form with Falice's handwritten statement (ECF No. 1-1 at 1-2) (page numbers designated by ECF), and a 12-page typewritten attachment (ECF No. 1-1 at 3-14, "Compl.").  The typewritten attachment

---

[1]  The Court considered the following submissions and their exhibits/attachments:

- Notice of Removal (ECF No. 1)
- Complaint (ECF No. 1-1)
- Defendant's Motion to Dismiss (ECF No. 18)
- Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF No. 29)

names four plaintiffs: Robert Ethan Miller, Donte Rolando Harris, Reginald Anthony Falice, and Kevin William Smalls. *See* Compl. at 3. According to the Superior Court docket, however, Falice is the sole plaintiff and the only plaintiff for whom the Superior Court waived the filing fee. This Court, too, considers Falice the sole plaintiff.

Falice is not a lawyer and, therefore, he may represent his own interests only. 28 U.S.C. § 1654; *see Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (where party "is not a member of the bar of any court[, he] may appear *pro se* but is not qualified to appear in the District Court or in this court as counsel for others"). He cannot represent the interests of the purported co-plaintiffs and members of a proposed class of federal prisoners. *See DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) (finding that "a *pro se* litigant who is not trained as a lawyer is simply not an adequate class representative"); *Ali v. U.S. Parole Comm'n*, No. 1:06-cv-235, 2007 U.S. Dist. LEXIS 20777, at *16 (D.D.C. Mar. 23, 2007) (concluding "that a *pro se* litigant is not a suitable class representative"), *aff'd*, No. 07-5134, 2007 U.S. App. LEXIS 27270, at *1 (D.C. Cir. Nov. 23, 2007) (per curiam).

### 2. John O'Brien and Frank Lara

Notwithstanding the long list of defendants identified in the complaint, *see* Compl. at 3, including O'Brien and Lara, it appears that Falice's claims are brought against the individual defendants in their official capacities only. The Court proceeds as if Falice brought his claims against the federal government directly.

### B. Falice's Factual Allegations

BOP operates Communications Management Units ("CMUs") in its Terre Haute, Indiana and Marion, Illinois facilities. *See* Compl. at 6. CMUs allegedly are to offer vocational training, substance abuse treatment, religious services, and educational and other programs. *See id.*

2

According to Falice, these CMUs actually are Private Secured Correctional Facilities ("PSCFs"). *Id.*[2]

Sprinkled throughout the complaint are assertions of fraud.  Falice alleges that the BOP issued regulations for the operation of CMUs, *id.* at 7, to "make the PSCFs appear to be BOP or Government owned/Operated," like "ordinary [p]rogram[s] under BOP control," *id.*  Further, he alleges BOP designates inmates to CMUs using "unauthorized, counterfeit, homemade, unofficial forms," *id.* at 9, to create the appearance that inmates voluntarily applied for transfers to the CMUs, *see id.* at 6.  The purpose of such deception, Falice asserts, is "keeping PSCF/CMU beds full to capacity, as the contract 'requires,' so 'stakeholders' can Profit off the suffering of all cash cow Plaintiffs[.]"  *Id.* at 7.  Falice demands access to the contract pursuant to which the CMUs allegedly operate for the purpose of determining his rights under it, *see id.* at 12, and compensatory damages for alleged loss of liberty and deprivation of rights under the contract, *see id.* at 12-13.

### B. Removal from the Superior Court

Falice's reliance on District of Columbia law, *see, e.g.,* Compl. at 7, 13, is baffling.  He is a federal prisoner in BOP custody who proceeds as if District law pertaining to government contracts applies.  For this reason, apparently, Falice filed his complaint on October 9, 2018, in the Superior Court of the District of Columbia.  Defendant removed the action to federal court on December 14, 2018, pursuant to 28 U.S.C. § 1442.

---

[2]  According to Defendant, BOP's CMUs "are owned and operated by the BOP."  Decl. of Thomas J. Carantino (ECF No. 18-1) ¶ 6.  They "are not classified as Privately-Operated Secure Adult Correctional facilities[, and] BOP Program Statement 7740.02, <u>Oversight of Private Secure Correctional Facilities</u>, does not apply to CMUs."  *Id.*

## II. DISCUSSION

### A. Dismissal Under Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction . . . [and it] is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  A plaintiff bears the burden of demonstrating that this Court has jurisdiction over his claim. *See Lujan v. Defender. of Wildlife*, 504 U.S. 555, 561 (1992).  "If a court lacks subject matter jurisdiction to entertain a claim, it must dismiss that claim." *Cofield v. United States*, 64 F. Supp. 3d 206, 211 (D.D.C. 2014) (citing Fed. R. Civ. P. 12(b)(1), 12(h)(3)).

### B. Derivative Jurisdiction

 Invoking the doctrine of derivative jurisdiction, defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1).  *See* Defs.' Mem. in Support of Mot. to Dismiss (ECF No. 18) at 3-5.  "The derivative-jurisdiction doctrine arises from the theory that a federal court's jurisdiction over a removed case derives from the jurisdiction of the state court from which the case originated." *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 244 (4th Cir. 2007).  "If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922). Therefore, "a Federal court must dismiss a case if the State court lacked jurisdiction over the original claim." *Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014) (citations omitted).

Defendants characterized Falice's claims as fraud claims for monetary damages against federal government employees which may proceed only under the Federal Tort Claims Act

("FTCA") and only in a federal district court.[3]  *See* Defs.' Mem. at 4-5.  They removed this

action under 28 U.S.C. § 1442 which in relevant part provides:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>     (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]

28 U.S.C. § 1442(a).  "The term 'State' includes the District of Columbia[,]" 28 U.S.C.

§ 1442(d)(5), and "[t]he term 'State court' includes the Superior Court of the District of

Columbia[,]" 28 U.S.C. § 1442(d)(6).  This Court's "threshold determination is whether, prior to

removal, the Superior Court . . . had jurisdiction of the subject matter or of the parties."  *McKoy-*

*Shields v. First Washington Realty, Inc.*, No. 1:11-CV-1419, 2012 WL 1076195, at *2 (D.D.C.

March 30, 2012).

   "[T]he United States may not be sued without its consent and . . . the existence of consent

is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  The

FTCA represents a limited waiver of sovereign immunity.  *See Richards v. United States*, 369

U.S. 1, 6 (1962) (noting that the FTCA "was designed primarily to remove the sovereign

immunity of the United States from suits in tort and, with certain specific exceptions, to render

the Government liable in tort as a private individual would be under like circumstances").

Federal district courts "have exclusive jurisdiction of civil actions on claims against the United

States, for money damages . . . caused by the negligent or wrongful act or omission of any

---

[3]  The United States is the proper defendant to a claim under the FTCA.  28 U.S.C. § 2674; *see, e.g., Verizon Washington, D.C., Inc. v. United States*, 254 F. Supp. 3d 208, 215 (D.D.C. 2017). In deference to plaintiff's *pro se* status, the Court declines to dismiss this complaint on the ground that it fails to name the proper defendant.

employee of the Government while acting within the scope of his office or employment[.]"  28 U.S.C. § 1346(b)(1).

It is a federal district court, not the Superior Court, which has subject matter jurisdiction over an FTCA claim.  *See Merkulov*, 75 F. Supp. 2d at 130.  Because the Superior Court lacked jurisdiction over Falice's claims, this Court acquires none upon removal pursuant to 28 U.S.C. § 1442.  *See James v. U.S. Postal Serv.*, No. 1:20-CV-0236, 2020 WL 5107512, at *3 (D.D.C. Aug. 31, 2020); *Farmer v. Disability Program Manager*, No. 19-CV-01731, 2020 WL 2571521, at *2 (D.D.C. May 21, 2020); *Johnson v. D.C. Metro. Transit Auth.*, 239 F. Supp. 3d 293, 296 (D.D.C. 2017); *Merkulov*, 75 F. Supp. 2d at 130-31.

## III. CONCLUSION

The Court concludes that, because the Superior Court had no jurisdiction over Falice's FTCA claims, this Court, too, lacked jurisdiction over the claims at the time of removal under 28 U.S.C. § 1442.  Accordingly, the Court grants defendants' motion to dismiss for lack of subject matter jurisdiction.  An Order is issued separately.


DATE: October 20, 2020                    /s/
                                          COLLEEN KOLLAR KOTELLY
                                          United States District Judge